# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>c/o Chaikin, Sherman, Cammarata & Siegel, P.C.<br>1232 17th Street, NW<br>Washington, D.C. 20036<br>    Plaintiff,<br><br>vs.<br><br>LYFT, INC.<br>185 Berry Street, Ste. 5000<br>San Francisco, CA 94107<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA AND TO PLAINTIFF:

Defendant Lyft, Inc. ("Lyft"), by and through its undersigned counsel Sheppard, Mullin, Richter and Hampton LLP, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) ("Notice of Removal") that it removes the claims pending in the case *Jane Doe v. Lyft, Inc.*, No. 2023-CAB-002577 (the "State Court Action") in the Superior Court for the District of Columbia, Civil Division (the "State Court"). Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

The State Court Action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between citizens of different States. The following is a short, plain statement of the grounds for removal, and a listing of the pleadings to date.

### I.  BASIS FOR REMOVAL

### A.  Background

1. Plaintiff Jane Doe ("Plaintiff") originally filed the Complaint on April 27, 2023 (the "Complaint"), along with an associated ex parte application for permission to use a pseudonym, in the State Court against Lyft, bearing docket number 2023-CAB-002577. (*See* Exhibit A).

2. In compliance with 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the Summons and the Complaint filed under docket number 2023-CAB-002577, along with the associated ex parte application for permission to use pseudonyms. (*See* Exhibit A). Service of the Summons and Complaint was effectuated on Lyft on June 21, 2023. (*See* Exhibit A).

3. Defendant Naoufal Jellali ("Defendant Jellali"), who is alleged in the Complaint to be a resident of Virginia, has not yet been served with the Summons and Complaint. Accordingly, Lyft is not required to obtain Defendant Jellali's consent for removal. *See Brown v. Allied Home Mortgage Capital Corp.*, 588 B.R. 271, 277 (D.D.C. 2018) (the requirement for consent to removal under 28 U.S.C. 1446(b) "applies only to those 'defendants who have been properly joined and served'") (quoting *Busby v. Capital One, N.A.*, 932 F.Supp.2d 114, 128 (D.D.C. 2013); *see also* 28 U.S.C. § 1446(b)(2)(A) (only defendants who have been "properly joined and served" must consent to removal).

4. On June 26, 2023, Plaintiff filed a motion with the State Court seeking additional time to serve Defendant Jellali. (*See* Exhibit B). The State Court granted Plaintiff's motion on June 27th, 2023. (*See* Exhibit C).

5.  As of June 21, 2023, to Lyft's knowledge, there have been no additional pleadings or papers filed with the State Court beyond those annexed as Exhibits A-C.

B.  **This Court Has Subject Matter Jurisdiction Based on Diversity of Citizenship**

   **i. The Parties Are Completely Diverse**

6.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between "citizens of different States" where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

7.  This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 as Plaintiff is completely diverse from Defendant.

8.  Specifically, the parties to this action are citizens or subjects of the following states:

   a.  Plaintiff Jane Doe is domiciled in and thus a citizen of the District of Columbia. (*See* Exhibit A at 12-13).

   b.  Lyft, Inc. is incorporated in Delaware with a principal place of business in California.[1]  (*See* Exhibit A at 12-13).

   c.  Defendant Naoufal Jellali is a resident of Virginia. (*See* Exhibit A at 12-13).

   **ii.  The Amount in Controversy Exceeds $75,000**

9.  Under diversity jurisdiction, removal of an action is proper where the aggregate amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).  In the Complaint, Plaintiff

---

[1] A corporation is a citizen of the state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(l). With respect to diversity, a corporation's "principal place of business" is its "nerve center," defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities … [a]nd in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination," and noting that a corporation has only one "nerve center" under 28 U.S.C. § 1332. *Hertz Corp. v. Friend et al.*, 130 S. Ct. 1181, 1193-94 (2010); *see also Atwal v. Lawrence Livermore Nat'l Sec.*, LLC,  No. 10-1111, 2011 WL 1980370 (D.D.C. May 23, 2011) (relying on *Hertz*'s central holding cited above).

included a demand for millions of dollars for injuries; she also indicated on the information sheet filed concurrently with the Complaint that Plaintiff demands damages in excess of $36,500,000. (*See* Exhibit A at 39, Civil Division – Civil Actions Branch Information Sheet).  Therefore, by Plaintiff's pleading, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and thus the amount in controversy exceeds the jurisdictional minimum of this Court.

10.     The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  The defendant is *not* required to set forth evidence establishing the amount in controversy. *Id*.

## II.     THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

11.     Timeliness.  This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.  Here, Lyft was served on June 21, 2023, so removal is timely and within the temporal limits set forth in 28 U.S.C. § 1446(b).

12.     Location of District Court.  Pursuant to 28 U.S.C. § 1441, this case may be removed to this Court because the United States District Court for the District of Columbia includes the district in which this action is pending (the District of Columbia).

13.     Joinder of Defendants.  Pursuant to 28 U.S.C. § 1446(b)(2)(A), upon information and belief, no other parties have been joined and served as defendants in this action.

14.     Notice of Removal.  In accordance with 28 U.S.C. § 1446(d), Lyft will serve written notice of the removal of the State Court Action on Plaintiff via her counsel of record.  In addition, Lyft will file a copy of this Notice of Removal with the Clerk of the Court for the State Court.

15. <u>Exhibits</u>.  True and correct copies of all "process, pleadings, and orders" are attached hereto in compliance with 28 U.S.C. §1446(a). (*See* Exhibits A-C).

16. In filing this Notice of Removal, Lyft does not waive any defense that may be available to it in this action.

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, Defendant Lyft removes the State Court Action brought by Plaintiff, now pending in the Superior Court for the District of Columbia, from said state court to this District Court.

Dated: July 12, 2023                                Respectfully submitted,

*/s/ Denise E. Giraudo*
Denise E. Giraudo (DC Bar No. 499348)
Christopher R. Williams (DC Bar No. 1048020)
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C.  20006-6801
Telephone: (202) 747-1906
Facsimile:  (202) 747-3933
dgiraudo@sheppardmullin.com
cwilliams@sheppardmullin.com

*Counsel for Defendant Lyft, Inc.*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2023, a copy of the foregoing was served via email and First-Class Mail, postage prepaid, on the following:

> Joseph Cammarata
> Kayann S. Chambers
> Chaikin, Sherman, Cammarata & Siegel, P.C.
> 1232 17th Street, N.W.
> Washington, D.C. 20036
> T: 202.659.8600
> joe@dc-law.net
> chambers@dc-law.net
>
> *Counsel for Plaintiff*

*/s/ Denise E. Giraudo*
Denise Giraudo