# EXHIBIT C

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **JANE DOE,**  <br>            **Plaintiff,**  <br>   v.  <br> **LYFT, INC., et al.,**  <br>            **Defendants.** | **2023   CAB   002577**  <br>  <br> **Judge Yvonne Williams** |

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE UPON DEFENDANT NAOUFAL JELLALI

Before the Court is Plaintiff's Motion to Extend Time for Service Upon Defendant Naoufal Jellali (the "Motion"), filed June 26, 2023. For the following reasons, the Motion shall be **GRANTED**. The Court shall also continue the Remote Initial Scheduling Conference set in this matter to September 29, 2023 at 9:30 a.m.

This matter arises out of a sexual assault allegedly perpetrated by Defendant Naoufal Jellali, a Lyft Driver, while Plaintiff was on an active Lyft ride. Motion at 1. On April 27, 2023, Plaintiff filed her Complaint through which she asserted several claims against Defendant Jellali as well as Defendant Lyft, Inc. *See generally* Complaint. Pursuant to Rule 4 of the Superior Court Rules of Civil Procedure, Plaintiff initially had 60 days from the filing of the Complaint to effectuate service on Defendants, or by June 26, 2023. Super. Ct. Civ. R. 4 (m)(1)(A). On June 26, 2023, Plaintiff filed an Affidavit of Service which indicates that Defendant Lyft, Inc. was served with process on June 21, 2023.

Also on June 26, 2023, Plaintiff filed the instant Motion requesting a 60-day extension of her deadline to serve Defendant Jellali, or until August 25, 2023. Motion at 1, 3. In support, Plaintiff submits that she has been unable to effectuate service on Defendant Jellali despite repeated attempts to do so. For example, Plaintiff submits that her process server visited the

1

condominium complex where Defendant Jellali was last known to reside only to discover that he no longer resides there. *Id*. ¶¶ 5-6. Plaintiff's process server also attempted to find Defendant Jellali's new address through certain database systems but was unable to do so. *Id*. ¶ 7. Additionally, Plaintiff's counsel contacted the investigating detective in a criminal case pending against Defendant Jellali to attempt to find his contact information "to no avail." *Id*. ¶ 9. Plaintiff submits that if the Motion is granted, she will "continue to attempt to effect service upon Defendant Jellali." *Id*. ¶ 10.

If a plaintiff files a motion for an extension of time to serve prior to the expiration of the period for service, Rule 4(m)(2) requires the Court to grant the motion on a showing of "good cause" for the extension. Super. Ct. Civ. R. 4(m)(2). To show "good cause," the plaintiff generally must establish both reasonable diligence in attempting to serve the defendant within the 60-day period and a reasonable prospect that service can be obtained in the future. *See Baba v. Goldstein*, 996 A.2d 799, 803 (D.C. 2010); *Bulin v. Stein*, 668 A.2d 810, 814 (D.C. 1995); *Cameron v. Wash. Metro. Area Transit Auth.*, 649 A.2d 291, 294 (1994). Based on the representations made in the Motion, the Court finds that Plaintiff has undergone diligent efforts to serve the individual Defendants despite being unable to do so. Moreover, Plaintiff's stated intention to continue attempting to effectuate service on Defendant Jellani convinces the Court—at least at this juncture—that service can be obtained in the future. Thus, for good cause shown, the Court shall grant the Motion. The deadline for service in this matter shall be extended by 60 days to August 25, 2023. The Court shall accordingly continue the Remote Initial Scheduling Conference set in this matter to September 29, 2023 at 9:30 a.m.

Accordingly, it is this 27th day of June, 2023, hereby,

**ORDERED** that Plaintiff's Motion to Extend Time for Service Upon Defendant Naoufal Jellali is **GRANTED**; and it is further

**ORDERED** that Plaintiff has until August 25, 2023 to effectuate service on Defendant Jellali; and it is further

**ORDERED** that the Remote Initial Scheduling Conference scheduled for August 18, 2023 shall be **VACATED**; and it is further

**ORDERED** that the Parties shall appear for a Remote Initial Scheduling Conference on September 29, 2023 at 9:30 a.m.

**IT IS SO ORDERED**.

**Judge Yvonne Williams**

Date: June 27, 2023

Copies to:

Joseph Cammarata
joe@dc-law.net
Kayaan S. Chambers
chambers@dc-law.net
*Counsel for Plaintiff*

Lyft, Inc.
c/o CT Corporation System
105 15th Street NW, Suite 1000
Washington, DC 20005
*Defendant*

Naoufal Jellali
3701 S. George Mason Dr.
Unit 2201N
Falls Church, VA 22041
*Defendant*