**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:23-cv-02006-APM |
| | ) | |
| LYFT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT LYFT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**</u>
<u>**PLAINTIFF'S COMPLAINT**</u>

Defendant Lyft, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff Jane Doe's Complaint (the "Complaint") as follows:

<u>**JURISDICTION**</u>

1.      The allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required.

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required.

<u>**PARTIES**</u>

3.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint. To the extent an answer is required, Defendant denies the same.

4.      Defendant admits that it is headquartered in San Francisco, California and that it is authorized to conduct business in the District of Columbia. Except as specifically

admitted, Defendant denies each and every remaining allegation in Paragraph 4 of the Complaint.

5.     Defendant admits that Defendant Naoufal Jellali ("Jellali") used Defendant's ridesharing application (the "Lyft App"). Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies those allegations.

## DEFENDANT LYFT'S RIDESHARE SERVICE

6.     Defendant admits that it operates the Lyft App which connects riders who need transportation with drivers who can provide it. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendant admits that people needing transportation use the Lyft platform to connect with people who can provide transportation using their own vehicles. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant admits that navigation and an expected arrival time is available to users of the Lyft App. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.    Defendant admits that users of the Lyft App are able to rate other users with whom they are connected. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## DEFENDANT LYFT'S FAILURE TO ADDRESS SEXUAL ASSAULT BY ITS DRIVERS

13.     The allegations in Paragraph 13 of the Complaint purport to derive from a written document, which speaks for itself. Defendant denies any characterization of the document's contents that is inconsistent with its text. Defendant denies each and every remaining allegation contained in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint purport to derive from a written document, which speaks for itself. Defendant denies any characterization of the document's contents that is inconsistent with its text. Defendant denies each and every remaining allegation contained in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint purport to derive from documentary evidence, which speak for themselves. Defendant denies any characterization of the documents' contents that is inconsistent with such documents. Defendant denies each and every remaining allegation contained in Paragraph 15 of the Complaint.

16.     Defendant admits that riders using the Lyft App may receive an inquiry from the Lyft App if the drivers with whom they are paired during a ride stop for an abnormal amount of time. Defendant denies each and every remaining allegation contained in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint purport to derive from a written document, which speaks for itself. Defendant denies any characterization of the document's contents that is inconsistent with its text. Defendant denies each and every remaining allegation contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     To the extent the allegations in Paragraph 21 of the Complaint purport to derive from a written document, which speaks for itself, Defendant denies any characterization of the document's contents that is inconsistent with its text. Defendant denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint purport to derive from a written document, which speaks for itself. Defendant denies any characterization of the document's contents that is inconsistent with its text. Defendant denies each and every remaining allegation contained in Paragraph 23 of the Complaint.

**FACTS SPECIFIC TO PLAINTIFF**

24.     Defendant admits that Plaintiff used the Lyft App to request a ride from 3181 Wilson Boulevard, Arlington, Virginia to Washington, D.C. on April 30, 2022. Defendant denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

25.     Defendant admits that Defendant Naoufal Jellali accepted the ride requested by Plaintiff on April 30, 2022. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and therefore denies those allegations.

26.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies those allegations.

27.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies those allegations.

28.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies those allegations.

29.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies those allegations.

30.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies those allegations.

31.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies those allegations.

32.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies those allegations.

33.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies those allegations.

34.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies those allegations.

35.     Defendant admits that the ride took 58 minutes and 57 seconds. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint, and therefore denies those allegations.

36.     The allegations in Paragraph 36 of the Complaint purport to derive from a written document that speaks for itself, and Defendant denies any inconsistent characterization of the

document's contents. Defendant denies each and every remaining allegation contained in Paragraph 36 of the Complaint.

37.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies those allegations.

38.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies those allegations.

39.     Defendant admits that Plaintiff filed a report through the Lyft App and that Plaintiff was refunded $21.24. Defendant denies each and every remaining allegation contained in Paragraph 39 of the Complaint.

40.      Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## **COUNT I**
### (Negligent Design – Defendant Lyft, Inc.)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 40 of this Answer, and further states as follows:

41.     Defendant admits that it designed and manufactured the Lyft App. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42.      The allegations in Paragraph 42 assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     To the extent the allegations in Paragraph 43 of the Complaint purport to derive from a written document, which speaks for itself, and Defendant denies any characterization of the document's contents that is inconsistent with its text. Defendant denies each and every remaining allegation contained in Paragraph 43 of the Complaint.

-6-

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

**COUNT II**
(Failure to Warn of Design Defect – Defendant Lyft, Inc.)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 46 of this Answer, and further states as follows:

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

**COUNT III**
(Strict Liability for Defective Product – Defendant Lyft, Inc.)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 51 of this Answer, and further states as follows:

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

-7-

53.    Defendant admits that it designed and manufactured the Lyft App. Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

**COUNT IV**
(Battery – Defendants Lyft, Inc. and Naoufal Jellali)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 54 of this Answer, and further states as follows:

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

**COUNT V**
(Assault – Defendants Lyft, Inc. and Naoufal Jellali)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 56 of this Answer, and further states as follows:

57.    Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

## COUNT VI
### (False Imprisonment – Defendants Lyft, Inc. and Naoufal Jellali)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 58 of this Answer, and further states as follows:

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

## COUNT VII
### (Intentional Infliction of Emotional Distress – Defendants Lyft, Inc. and Naoufal Jellali)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 60 of this Answer, and further states as follows:

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

## COUNT VIII
### (Negligence – Defendants Lyft, Inc. and Naoufal Jellali)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 62 of this Answer, and further states as follows:

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

### COUNT IX
(Negligent Hiring, Training, Supervision – Defendant Lyft, Inc.)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 66 of this Answer, and further states as follows:

67.     The allegations in Paragraph 67 assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

### COUNT X
(Violations of D.C. Consumer Protection Procedures Act – Defendant Lyft, Inc.)

Defendant re-affirms and incorporates by reference its answers to Paragraphs 1 through 70 of this Answer, and further states as follows:

71.     The allegations in Paragraph 71 of the Complaint purport to derive from the D.C. Code, which speaks for itself, and Defendant denies any characterization of the D.C. Code's contents that is inconsistent with its text. Answering further, to the extent the allegations in Paragraph 71 of the Complaint assert legal conclusions, no response is required. To the extent a response is deemed required, Defendant denies those allegations.

-10-

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

Defendant denies the allegations set forth in Plaintiff's "WHEREFORE" paragraph. Defendant also denies Plaintiff is entitled any damages or any other relief whatsoever.

## GENERAL DENIAL

Defendant denies all allegations of the Complaint that are not specifically admitted above.

## DENIAL OF HEADINGS

Defendant has restated in this Answer the headings as they appear in the Complaint.  To the extent the headings purport to assert any factual allegations or legal conclusions, they are denied in their entirety.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant alleges the following separate and affirmative defenses to each and every cause of action alleged in the Complaint.  By alleging the defenses set forth below, Defendant does not agree or admit that it has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any cause of action against Defendant.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against this answering Defendant.  Upon information and belief, and

based on the allegations of Plaintiff's Complaint, the Incident resulting in Plaintiff's alleged injuries ("Incident") was caused solely by Jellali on the purported date in issue. Defendant did not witness the Incident, was not involved in the Incident, and could not have foreseen and/or prevented the Incident or risk of injury to Plaintiff.

Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali. Defendant has never employed Jellali and does not control the method or manner in which Jellali provides transportation to passengers. Rather, at the time of the Incident, Jellali was an independent contractor who utilized the Lyft platform to connect with other platform users looking for a ride, pursuant to Lyft's Terms of Service.

## SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint and each and every purported cause of action therein is uncertain.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate her damages, if any, and said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any. Therefore, the amount of damages to which Plaintiff is entitled, if any, shall be reduced by the amount of damages that would have otherwise been mitigated. Plaintiff cannot be compensated for damages which she could have avoided by reasonable effort or expenditures.

## FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Any injuries or damages to Plaintiff, if any, were proximately caused by the negligence, recklessness, or intentional conduct of Plaintiff in that she failed to exercise ordinary care under the circumstances present prior to the alleged Incident. Plaintiff is therefore barred from recovery herein, or, if any liability is found on the part of Defendant, then Plaintiff's recovery shall be reduced on the basis of Plaintiff's contributory and/or comparative negligence, recklessness and intentional conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Negligence or Other Acts of Others)

The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, recklessness, and intentional conduct of other persons, including Jellali named by Plaintiff in her Complaint, and/or entities, and thus, Defendant is entitled to an allocation of such negligent, reckless and intentional conduct, conduct which Defendant denies, and these other persons and/or entities.

Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the alleged subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of

the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

In the event Defendant is found liable - which liability is specifically denied and stated merely for the purposes of this affirmative defense - judgment should be assessed against Defendant only to the extent that it represents the proportionate percentage by which Defendant's acts and/or omissions contributed to Plaintiff's injuries, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Act)

No acts or omissions of Defendant were a factor or factors, whether substantial or otherwise, in causing the Incident or injuries alleged in the Complaint, if any. Additionally, no acts and/or omissions of Defendant contributed, in any manner, to the Incident or injuries alleged in the Complaint, if any.  Finally, any alleged acts and/or omissions on the part of Defendant were superseded by the acts of other persons, including Jellali named in Plaintiff's Complaint, and/or omissions of other persons, including Jellali, or entities, which acts and omissions were the independent, superseding and intervening cause of the Incident and injuries described in the Complaint.

Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident. Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Several Liability of Non-Economic Damages)

The liability, if any, of Defendant for noneconomic damages shall be several only, and shall not be joint with any other entity or persons, including Jellali.

Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Defendant, if liable at all - liability is specifically denied and stated merely for the purposes of this affirmative defense - shall be liable only for the amount of noneconomic damages allocated to it in direct proportion to its respective percentage of fault, and a separate and several judgment shall be rendered against it for non-economic damages, if any. Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali's. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

## EIGHTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

Plaintiff cannot prove any facts showing that the conduct of Defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiff as alleged in the Complaint. Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the

Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

### NINTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Plaintiff cannot prove any facts showing that the conduct of Defendant was the proximate cause of any injuries or damages as alleged in the Complaint. Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

### TENTH AFFIRMATIVE DEFENSE

### (Indemnification / Contribution)

In the event Defendant is found liable - which liability is specifically denied and stated merely for the purposes of this affirmative defense - Defendant is entitled to indemnification and/or contribution from any person or entity whose negligence proximately contributed to the resulting injuries and damages. Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali is fully liable for the subject Incident, which Defendant did not witness or was part of. Therefore, Defendant is entitled to total indemnification.

-16-

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Criminal Acts)

Plaintiff's Complaint and each purported cause of action therein were caused by the alleged criminal acts of Jellali, against whom Plaintiff filed a report with the Metropolitan Police Department. Plaintiff is therefore barred and precluded from any recovery against Lyft.

Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unforeseeable Intervening Cause)

The damages Plaintiff alleges in the Complaint, if any, were the result of acts or omissions of another person named in Plaintiff's Complaint, Jellali, which acts or omissions were not and could not have been foreseen by answering Defendant. Upon information and belief, and based on

the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fault of Jellali)

Defendant alleges that if Plaintiff sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Jellali, or others, who were otherwise at fault. Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant therein, or recovery, if any, should thereby be reduced in proportion to such fault.

Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Foreseeability)

Defendant alleges that the criminal act of the third party, Defendant Jelalli, named in Plaintiff's Complaint, involved in this matter was not foreseeable, Defendant took reasonable steps and precautionary measures to avoid the alleged acts, and any wrongful conduct by the third party was unavoidable.

Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff is not entitled to relief on any of her causes of action because Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of applicable laws and regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

Plaintiff's Complaint, and each purported cause of action set forth therein, fail because Defendant did not engage in any unlawful conduct towards Plaintiff.  However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of Defendant occurred, such conduct was neither authorized nor ratified by Defendant. Upon information and belief, and based on the allegations of Plaintiff's Complaint, Jellali, not Defendant, participated in the subject Incident. Defendant did not witness or participate in the Incident.  Based on Plaintiff's Complaint, Plaintiff's alleged injuries were solely caused by the actions of Jellali, which were unforeseeable to Defendant.

Further, Defendant is not liable in any way for Plaintiff's injuries allegedly inflicted by Jellali as Defendant did not employ Jellali. Defendant is informed and believes that at the time of the Incident Jellali was an independent contractor who used the Lyft platform pursuant to Lyft's Terms of Service.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and every cause of action are barred by laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Reasonable Care)

Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid the alleged Incident and alleged resulting injuries.  The resulting injuries and damages, if any, were proximately caused and contributed to by the negligence, or other acts,

of Plaintiff and thus, Plaintiff's recovery, if any, is barred, either in full, or in part, on the basis of her acts or failure to act.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff waived the right to pursue the Complaint and each of Plaintiff's causes of action and requests for relief by reason of Plaintiff's own actions and course of conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Fraud, Deceit, or Misrepresentation)

All or part of the contract resulted from fraud, deceit, or misrepresentation by persons other than Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Excuse)

Each of Plaintiff's claims are barred because Defendant was excused from performance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and every cause of action are barred by unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Duty)

Plaintiff's claims fail as a matter of law because Plaintiff cannot demonstrate that Defendant owed any duty to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Breach)

Plaintiff's claims fail as a matter of law because Plaintiff cannot demonstrate that Defendant breached any duty to it owed to Plaintiff, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Product)

Plaintiff's claims are barred because Defendant did not manufacture, distribute, supply, sell, market, or otherwise provide Plaintiff a product.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Defect)

To the extent that Plaintiff's injury was caused by the Lyft App, which Defendant denies, the Lyft App was not in a defective condition when it left the manufacturer's possession, custody, and control.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Practical Alternative)

Plaintiff's claims are barred because the Lyft app was state of the art and engineered, designed, manufactured, and marketed in accordance with the highest standards when the Lyft App left Defendant's control. No practical and technically feasible alternative formulation was available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the Lyft App for its intended use.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with Governmental Regulations)

The Lyft App was designed according to all applicable federal and state codes, statutes, rules, regulations and standards and did not present an unreasonable risk to Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Unreasonable Danger)

Plaintiff's claims are barred because at all relevant times, the Lyft App was in a condition reasonably contemplated by the ultimate consumer and was not unreasonably dangerous for its intended use and its utility outweighed any alleged inherent danger.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Compliance with Industry Standards)

The Lyft App conforms with industry-wide standards and the applications of other technology companies.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Any award of punitive damages is barred because neither Defendant, nor any of its officers, directors, or managing agents, committed any malicious, willful, or reckless acts; or authorized or ratified any such acts.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

An award of punitive damages in this action would violate Defendant's due process and equal protection rights under the United States Constitution.

## **THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Reservation of Additional Affirmative Defenses)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses. Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

Dated: August 9, 2023                         Respectfully submitted,

*/s/ Denise E. Giraudo*_____
Denise E. Giraudo (DC Bar No. 499348)
Christopher R. Williams (DC Bar No. 1048020)
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C.  20006-6801
Telephone: (202) 747-1906
Facsimile:  (202) 747-3933
dgiraudo@sheppardmullin.com
cwilliams@sheppardmullin.com

*Counsel for Defendant Lyft, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of August, 2023, a copy of the foregoing was served via the Court's ECF system on counsel of record.


_/s/ Denise E. Giraudo_____
Denise Giraudo