## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| LYFT, INC., et al., | ) | Civil Action No. 1:23-cv-02006-APM |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and LCvR 16.3(c), counsel for Plaintiff Jane Doe and Defendant Lyft, Inc. conferred on August 28, 2023 and submit the following report of their meeting for the court's consideration:

### Statement of the Case

Plaintiff alleges that she was sexually assaulted by Defendant Naoufal Jellali during a ride requested using Defendant Lyft's application. Plaintiff has brought common law tort claims against both defendants, and product liability and D.C. Consumer Protection Procedures Act and common law against Defendant Lyft. Defendant Lyft denies any liability and has raised affirmative defenses in its Answer to Plaintiff's Complaint. Plaintiff seeks damages in excess of $36 million. Defendant Lyft denies that Plaintiff is entitled to any relief.

### Subjects Enumerated in Local Rule 16.3(c)

1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**RESPONSE:** There are currently no dispositive motions pending before the Court. Defendant Lyft believes that this case may be resolved by dispositive motion and may file a motion for summary

judgment after the close of discovery. Likewise, Plaintiff believes that this case may be resolved by dispositive motion and may file a motion for summary judgment after the close of discovery.

2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**RESPONSE:** At this time, the parties do not anticipate the necessity to join additional parties or amend any pleadings.

3.      Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**RESPONSE:** The parties do not consent to giving a magistrate judge jurisdiction over this case at this time.

4.      Whether there is a realistic possibility of settling the case.

**RESPONSE:** The parties have made arrangements for private mediation, which is currently scheduled for October 25, 2023.

5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**RESPONSE:** The parties do not believe that the Court's ADR process is necessary at this time because arrangements have been made for private mediation, which is currently scheduled for October 25, 2023.

6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**RESPONSE:** If mediation is unsuccessful, Defendant Lyft believes that this case may be resolved by summary judgment. Likewise, Plaintiff believes that this case may be resolved by

dispositive motion and may file a motion for summary judgment after the close of discovery. The parties agree that dispositive motions must be filed by <u>June 14, 2024</u>; any opposition will be due on <u>July 12, 2024</u>, and any reply thereto will be due on <u>July 26, 2024</u>.

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**RESPONSE:** The parties have agreed to informal discovery in advance of the October 25, 2023 mediation in lieu of Rule 26(a)(1) initial disclosures and formal discovery.

8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**RESPONSE:** The parties believe that discovery can be completed on or before <u>May 15, 2024</u>. This is made in consideration of the demands of the case and the mediation currently scheduled for October 25, 2023. The parties agree to abide by the applicable rules and do not anticipate any additional limitations on discovery other than those established in the Federal Rules of Civil Procedure.

9.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE:** The parties are not aware of any issues with regard to electronically stored information. If any issues arise, the parties will confer and promptly notify the Court as needed.

10.      Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

**RESPONSE:** The parties anticipate proposing a protective order setting forth procedures for privileged information, personally identifiable information, personal health information, and proprietary/confidential business information.

11.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

**RESPONSE:** Plaintiff's expert disclosures should be served on or before <u>January 15, 2024</u>; that Defendant Lyft's expert disclosures be served on or before <u>March 15, 2024</u>; and that rebuttal disclosures be served on or before <u>April 5, 2024</u>.

12.     In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**RESPONSE:** Not applicable.

13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**RESPONSE:** The parties do not believe that bifurcation of the trial or discovery is necessary.

14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**RESPONSE:** The parties agree that the pretrial conference should be scheduled at a status conference to be held after the rulings on dispositive motions are complete.

15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**RESPONSE:** The parties would prefer the Court set a trial date at the pretrial conference.

16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**RESPONSE:** The parties have no other matter for including in the scheduling order at this time.

Dated: September 11, 2023                    Respectfully submitted,


*/s/ Denise E. Giraudo*
Denise E. Giraudo (DC Bar No. 499348)
Christopher R. Williams (DC Bar No. 1048020)
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C.  20006-6801
Telephone: (202) 747-1906
Facsimile:  (202) 747-3933
dgiraudo@sheppardmullin.com
cwilliams@sheppardmullin.com

*Counsel for Defendant Lyft, Inc.*


*/s/ Kayann S. Chambers*
Joe Cammarata (D.C. Bar No. 389254)
Kayann Chambers (D.C. Bar No. 241462)
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 17th St NW
Washington, D.C. 200036
joe@dc-law.net
chambers@dc-law.net
Tel: (202) 659-8600

*Counsel for Plaintiff*